RENDERED: APRIL 11, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0576-MR

ZACHARY M. CAUDILL                                    APPELLANT


v.          APPEAL FROM GREENUP CIRCUIT COURT
            FAMILY COURT DIVISION
            HONORABLE JEFFREY L. PRESTON, JUDGE
            ACTION NO. 17-CI-00083


SHANIA ANNA NEACE                                     APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; KAREM AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE: Zachary M. Caudill ("Appellant") appeals from an

order of the Greenup Circuit Court, Family Division granting the motion of Shania

Anna Neace ("Appellee") for unsupervised visitation of the parties' child in

Appellee's home. Appellant argues that the circuit court erred in failing to utilize

the "best interests of the child" standard in its ruling. After careful review, we

conclude that the circuit court did not utilize the correct standard in adjudicating

Appellee's motion to modify visitation. Accordingly, we reverse the order on appeal and remand the matter to the Greenup Circuit Court, Family Division.

## FACTS AND PROCEDURAL HISTORY

A decree of dissolution was rendered on August 2, 2017, which dissolved the marriage of Appellant and Appellee. The decree addressed the custody and timesharing of the parties' child (hereinafter "Child 1"),[1] and designated Appellant as the primary residential custodian. Appellee was granted unsupervised visitation, as long as she refrained from the use of alcohol and cooperated with the Commonwealth of Kentucky, Cabinet for Health and Family Services ("the Cabinet").

Thereafter, Appellee gave birth to a child ("Child 2") with Charlie Heineman ("Heineman"). When Appellant learned that Child 2 allegedly tested positive for methamphetamine, he filed a motion to modify and suspend Appellee's visitation with Child 1. The Whitley Circuit Court, Family Division granted Appellant's motion, and rendered an order on October 20, 2021, suspending Appellee's visitation with Child 1.

On November 8, 2022, Appellee moved to set aside the October 20, 2021, order, and requested visitation. The circuit court denied the motion to set

---

[1] Though the record contains Child 1's name, we will refer to him as Child 1 due to the subject matter of these proceedings.

aside and scheduled a hearing on visitation. Prior to the hearing, an agreed order was entered granting Appellee visitation with Child 1 every other Sunday for 3 hours in a public place, with visitation increasing to every Sunday after 30 days. It also stated that either party could request a review of the timesharing arrangement. Per the agreed order, Appellee was required to submit to hair follicle drug screening.

On July 18, 2023, the parties entered into another agreed order. It increased Appellee's visitation with Child 1 to five hours every Sunday, to be conducted at the Greenup city park or a McDonald's restaurant, depending on the weather. This visitation was to be supervised by Appellant's mother. The order also provided for Appellee's visitation with Child 2 every Sunday, to be supervised by Heineman's mother.[2]

On November 3, 2023, Appellee moved to modify the visitation arrangement as to Child 1, and/or to grant unsupervised visitation. In support of the motion, Appellee argued that visitation for five hours in a McDonald's restaurant, or even the public park, was difficult because the children became bored. She also asserted that it was difficult for her to bond with the children in

---

[2] Heineman and Appellee were parties to a separate civil action regarding her visitation of Child 2. Though that action was not consolidated with the instant action, Heineman's action was heard in part concurrently with the instant action, because Appellee had visitation with Appellant's child (Child 1) and Heineman's child (Child 2) at the same time. Heineman is not a party to the instant appeal.

-3-

either of those locations. Appellant responded that the motion did not allege any factual basis that modification would serve the best interest of Child 1.

On March 5, 2024, the family court conducted a visitation hearing where it heard testimony from Appellee, both grandmothers, and a social worker. Appellee testified that she has another child ("Child 3") with Ronald Tussey ("Tussey"), and that Appellant, Child 3, and Tussey reside together without restriction. She stated that she successfully complied with the various court orders, has done everything asked of her, and inquired as to what else she could do to have supervision lifted. Heineman's mother testified that she would be concerned about unsupervised visits, given Appellee's history of drug use. The social worker stated that Tussey had refused her request to take a drug screen and used foul language with a raised voice which intimidated her.

After considering the testimony, the family court rendered an order on March 21, 2024, granting Appellee unsupervised visitation in her home. As a condition of the visitation, Tussey was not to be present in the home and Appellee was required to have clean drug screens and not relapse. On March 25, 2024, Appellant filed a motion to alter, amend, or vacate the March 21, 2024, order. Heineman filed a similar motion as to Child 2, arguing that harm might occur to Child 2 if unsupervised visits were allowed to occur in Appellee's home. Both motions were denied, and this appeal followed.

## STANDARD OF REVIEW

An appellate court will only reverse a trial court's determinations as to visitation if they constitute a manifest abuse of discretion or were clearly erroneous in light of the facts and circumstances of the case. Whether the proper law was applied to the facts is reviewed *de novo*. The test is not whether we would have decided the issue differently, but whether the findings of the trial court were clearly erroneous or an abuse of discretion. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

*Hudson v. Cole*, 463 S.W.3d 346, 350 (Ky. App. 2015) (internal quotation marks and citations omitted).

## ARGUMENTS AND ANALYSIS

Appellant argues that the Greenup Circuit Court, Family Division committed reversible error in granting Appellee's motion for unsupervised visitation of the parties' child in Appellee's home. He first asserts that the circuit court erred in failing to use the best interests of the child standard in adjudicating Appellee's motion for a change of visitation. He directs our attention to Kentucky Revised Statutes ("KRS") 403.320(3), which states that,

[t]he court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral, or emotional health.

As to the matter before us, Appellant argues that the Greenup Circuit Court, Family Division improperly used the seriously endangered language in granting Appellee's motion to modify visitation, rather than the correct best interests of the child standard. Appellant asserts that this is clear error entitling him to an opinion reversing and remanding the order on appeal.

KRS 403.320(3) does not require that the circuit court expressly use the phrased "best interests of the child" in its order granting or denying a motion to modify visitation. Similarly, our research has revealed no such requirement in our case law. While it would be preferable for the family court to use the express statutory language to make clear that the correct standard was used, we believe that the elements of KRS 403.320(3) may be satisfied as to modification when the court makes findings demonstrating that modification is in the best interests of the child.

In the matter before us, the Greenup Circuit Court, Family Division stated that,

> [t]he Court must be convinced by clear and convincing evidence that the children would be in serious danger if the supervised visitation was lifted. It appears to the Court that the Respondent [Appellee] has been doing what the Court has asked her to do. There is no evidence of current drug usage. The Respondent currently has an eight-month-old child, which the Cabinet has seen fit to allow her to take care of without supervision.

The family court did not utilize the correct standard to modify visitation, to wit, whether modification was in the best interests of Child 1.

Further, the findings it made – 1) Appellee complying with court orders, 2) no evidence of drug usage, and 3) her custody of Child 3 without supervision – cannot reasonably be construed as a finding that modification is in Child 1's best interest. Since the circuit court did not expressly utilize the best interests of the child standard, and did not make findings upon which we can reasonably conclude that modification is in Child 1's best interests, we must reverse the order of the circuit court on this issue.

Appellant's second argument is that a change in visitation is not in the best interests of Child 1. In light of our conclusion that the circuit court did not use the correct standard below, this argument is moot.

## **CONCLUSION**

Having examined *de novo* whether the Greenup Circuit Court, Family Division applied the correct law to the facts, *Hudson*, *supra*, and upon concluding that the family court did not apply the best interests standard nor otherwise make findings that modification was in Child 1's best interests, we reverse the order on appeal and remand the matter to the Greenup Circuit Court, Family Division for reconsideration using the best interests standard.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Whitley Hill Bailey<br>Grayson, Kentucky | Jeffrey D. Hensley<br>Russell, Kentucky |